■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS L. ORTIZ, Appellant. [609 NYS2d 688] —Weiss, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered January 3, 1992 in Broome County, convicting defendant upon his plea of guilty of the crimes of rape in the first degree and attempted rape in the first degree.

Defendant was arrested and charged with attempted rape in the first degree and sexual abuse in the first degree as a result of his attack upon a woman in a parking lot on January 1, 1991. On March 30, 1991, while free on bail awaiting Grand Jury action, defendant sexually attacked and raped another woman. Subsequent to two separate indictments and defendant's rejection of a plea bargain on June 20, 1991, the indictments were transferred pursuant to CPL 230.10 from Broome County Court to Supreme Court on October 24, 1991.

By formal notice of motion* the prosecutor moved for a consolidation of the two indictments. The defense submitted a written affidavit in opposition and Supreme Court rendered a lengthy written decision/order filed on November 15, 1991 granting consolidation. The preceding day, after a conference in which Supreme Court indicated that the motion would be granted, defendant pleaded guilty to the highest count of each indictment as part of a plea bargain, which included an agreed-upon sentence.

On this appeal, defendant contends that he had a fundamental constitutional right to be present when the motion to consolidate the indictments was before Supreme Court for consideration. We disagree and find that he had no right to a hearing which he could personally attend (cf., *People v Odiat,* 82 NY2d 872). The motion was appropriately submitted on

---

* The motion and opposition were formally submitted in written form pursuant to CPL 200.20 (2) (c) and not made orally and off the record as suggested by defendant on this appeal.

papers; significantly, defendant neither requested a hearing on any factual issue nor demonstrated that a hearing was in any sense necessary or appropriate to the exercise of discretion in the resolution of the motion by Supreme Court *(see, People v Lane,* 56 NY2d 1). Defendant had a full and timely opportunity to either directly or through counsel, albeit on papers, submit any particular knowledge he might possess which would be useful in advancing his position or countering the position of the prosecution *(see, People v Dokes,* 79 NY2d 656, 660). The statute makes no provision for an evidentiary hearing and, under the circumstances, defendant's personal presence before the court in connection with the motion would have been " 'useless, or the benefit but a shadow' " *(People v Velasco,* 77 NY2d 469, 473, quoting *Snyder v Massachusetts,* 291 US 97, 106-107). We conclude that the lack of a personal appearance had no effect on defendant's ability to defend himself *(see, People v Mullen,* 44 NY2d 1, 5).

Nor do we find merit in the remaining contention that defendant's sentence is unduly harsh. Defendant was sentenced as agreed to in his negotiated plea and he has failed to offer a substantive reason why that sentence should be disturbed. Our review of the record reveals no abuse of discretion by the sentencing court nor extraordinary circumstances warranting intervention by this Court *(see, People v Delgado,* 80 NY2d 780).

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.

