■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW HARRIS, Appellant. [633 NYS2d 378] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered January 12, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Jones, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in determining that the police lawfully pursued and arrested him. The evidence adduced at the hearing and credited by the court established that, as two detectives approached a building while on an unrelated criminal investigation, one of the detectives observed the defendant run inside the building. The detective further observed that the defendant was proceeding up the stairs inside the building while holding a handgun. Under these circumstances, the detective clearly had a sufficient factual predicate for entering the building, pursuing the defendant, and placing him under arrest *(see, People v McRay,* 51 NY2d 594; *People v Dawkins,* 201 AD2d 336; *People v Sargeant,* 174 AD2d 767). Moreover, it is well settled that the hearing court's factual findings and credibility determinations are entitled to great deference on appeal *(see, People v Prochilo,* 41 NY2d 759; *People v Overton,* 188 AD2d 491), and we discern no basis in the record for disturbing the court's conclusion in this case.

The defendant's current challenge to the legal sufficiency of the evidence is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.