■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL SMITH, Appellant. [673 NYS2d 146] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered September 9, 1996, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At sentencing, the defendant moved to withdraw his plea of guilty on the ground that he did not fully understand the waiver of the right to appeal when it was explained to him by his attorney and that he did not want to waive his right to appeal. The court denied the motion based on its recollection that the defendant was questioned about the waiver during the plea allocution. Specifically, during the allocution, the defendant acknowledged that he had discussed the written waiver with his attorney, understood it, and agreed with its terms.

On appeal, the defendant contends that the record reveals a conflict with his attorney and therefore the matter should be remitted for a hearing with substituted counsel (*see, e.g., People v Haynes,* 248 AD2d 402; *People v Davis,* 232 AD2d 652). We conclude that such relief is not warranted here, as defense counsel, in stating that she explained the waiver to the defendant, did not take a position adverse to his claim that he had not understood what was explained to him (*see, e.g., People v Castro,* 242 AD2d 445). The defendant's conclusory claim was refuted by the record of the plea proceedings. Therefore, the Supreme Court did not improvidently exercise its discretion in denying his motion to withdraw his plea without a hearing (*see, People v Lisbon,* 187 AD2d 457). In any event, assuming, arguendo, that the defendant's claim was meritorious, and that the waiver of the right to appeal should not be enforced, he has failed to offer any grounds for reversal of his conviction.

The defendant raises several issues on appeal concerning the denial, after a hearing, of his motion to dismiss the indictment on statutory and constitutional speedy trial grounds (*see,* CPL 30.30, 30.20). The defendant's contentions insofar as they relate

to his statutory speedy trial claim were forfeited by his plea of guilty (*see, People v O'Brien,* 56 NY2d 1009; *People v Grandberry,* 223 AD2d 723). Although a constitutional speedy trial claim survives a plea and waiver of the right to appeal (*see, People v Callahan,* 80 NY2d 273, 279-280; *People v Grandberry, supra*), in this case, the defendant abandoned that claim (*see, People v Callahan,* at 282; *People v Kinchen,* 60 NY2d 772). The record reveals that, at the conclusion of the hearing, the defense counsel specifically declined to offer any arguments in support of the constitutional claim, and the court, in its decision, noted that the defendant failed to present evidence in support of that branch of his motion.

Finally, we conclude that the court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence, i.e., a gun. The testimony of the witnesses presented issues of credibility, and the hearing court's determination must be accorded great weight (*see, People v Prochilo,* 41 NY2d 759). Based on this record, the officers' initial approach to the defendant's vehicle was justified at its inception (*see, People v Ocasio,* 85 NY2d 982). The observations of the testifying officer, together with the defendant's flight, justified his pursuit by the police (*see, People v Martinez,* 80 NY2d 444). When the defendant displayed a gun during the chase, the police had probable cause to arrest him (*see, People v Harris,* 221 AD2d 365). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.