■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN QUINTANA, Appellant. [790 NYS2d 438]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered January 13, 2004, convicting defendant, upon his plea of guilty, of four counts of robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 18 years, unanimously affirmed.

After a sufficient inquiry, the court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). The record establishes the voluntariness of the plea. Despite ample opportunity to be heard, defendant never elaborated on his conclusory assertions that counsel coerced and misled him into taking the plea, which were patently meritless and were contradicted by the record of the thorough plea allocution. Accordingly, there was no conflict of interest requiring the appointment of new counsel (*see e.g. People v Senghor*, 248 AD2d 299 [1998], *lv denied* 92 NY2d 905 [1998]; *see also Hines v Miller*, 318 F3d 157, 162-164 [2d Cir 2003], *cert denied* 538 US 1040 [2003]). Counsel's brief, generalized and completely innocuous defense of his own performance, made in response to the court's inquiry, fell far short of providing damaging factual information, and could not have had any adverse impact on defendant (*see e.g. People v Otero*, 282 AD2d 344 [2001], *lv denied* 96 NY2d 905 [2001]). We have considered and rejected defendant's remaining arguments. Concur—Saxe, J.P., Marlow, Ellerin, Nardelli and Sweeny, JJ.