■ The People of the State of New York, Respondent, v Keith Foxworth, Appellant. [807 NYS2d 296]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered June 30, 2003, convicting defendant, upon his plea of guilty, of burglary in the first degree, robbery in the second degree and assault in the second degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea, without appointing new counsel. Counsel's comments about his own actions did not provide any damaging factual information (*compare People v Rozzell*, 20 NY2d 712 [1967]), and there is no reasonable possibility they affected the court's decision to deny defendant's patently meritless motion (*see e.g. People v Burgos*, 298 AD2d 190 [2002], *lv denied* 99 NY2d 580 [2003]; *People v Otero*, 282 AD2d 344, 345 [2001], *lv*

*denied* 96 NY2d 905 [2001]). The motion consisted of a standard form containing conclusory allegations that the court characterized correctly as "boilerplate." Accordingly, defendant received effective assistance of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]) and he was not deprived of his right to conflict-free representation (*see Cuyler v Sullivan*, 446 US 335, 348-350 [1980]). Concur—Mazzarelli, J.P., Andrias, Marlow, Williams and Sweeny, JJ.