■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE VELASQUEZ, Appellant. [843 NYS2d 253]—

Judgment, Supreme Court, Bronx County (Robert A. Sackett, J.), rendered July 14, 2005, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence supported the conclusion that defendant acted as an armed lookout and getaway driver, sharing his codefendant's intent and jointly possessing the codefendant's weapon as part of their criminal enterprise (*see e.g. People v Coulter*, 240 AD2d 756 [1997], *lv denied* 91 NY2d 871 [1997]).

The court properly exercised its discretion in denying defendant's motion for a complete severance (*see People v Bornholdt*, 33 NY2d 75, 87 [1973], *cert denied sub nom. Victory v New York*, 416 US 905 [1974]). Instead, the court ordered the case tried before two juries (one for each defendant), which were separated for the opening and closing statements and part of the evidence. The record does not support defendant's claim that the defenses were "in irreconcilable conflict with each other" or that there was "a significant danger . . . that the conflict alone would lead the jury to infer defendant's guilt" (*People v Mahboubian*, 74 NY2d 174, 184 [1989]). To the extent that there was any conflict, the use of two juries provided a sufficient remedy under the circumstances of the case, especially since each defendant's jury only heard opening statements and summations relating to its own defendant. In particular, we find that nothing in the codefendant's cross-examination of the main witness was prejudicial to defendant.

Defendant was not denied his right to be present at all material stages of his trial. The oral argument on the severance motion was a legal rather than a factual proceeding (*see People v Ortiz*, 202 AD2d 860 [1994], *lv denied* 83 NY2d 970 [1994]).

Defendant's argument concerning evidence of the codefen-

dant's uncharged crimes is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would find it without merit.

Defendant's constitutional challenge to his sentence as a persistent violent felony offender is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would find it without merit (*see Almendarez-Torres v United States*, 523 US 224 [1998]). Concur—Andrias, J.P., Friedman, Williams, Buckley and Sweeny, JJ.