*362 Judgment, Supreme Court, New York County (Micki A. Scherer, J., at calendar calls; Edward J. McLaughlin, J., at plea and sentence), rendered November 18, 2005, convicting defendant of burglary in the second degree and bail jumping in the second degree, and sentencing him to concurrent terms of six years and V-fe to 4 years, respectively, unanimously affirmed.
Defendant was not deprived of his right to counsel at any stage of the proceedings. He was represented at all times by competent retained counsel. At several calendar appearances, defendant expressed his desire to retain different counsel, but did not advance any legitimate complaints about his representation. In particular, his complaint about the fact that the firm he hired supplied several different attorneys to cover calendar appearances was meritless, since there is no indication that any of these attorneys was unprepared to handle the matter at hand. In any event, the court accorded defendant repeated opportunities to hire new counsel (cf. People v Wilburn, 40 AD3d 508, 509 [2007], lv denied 9 NY3d 883 [2007]), but he failed to do so.
It was not until the eve of trial that defendant, through his retained counsel, first requested the assignment of counsel pursuant to article 18-b of the County Law. Under the circumstances presented, the calendar court properly denied that application without inquiring into defendant’s finances. Defendant never attempted to make an adequate showing of entitlement to assigned counsel (see CPLR 1101 [a]), beyond conclusory assertions. Discharging retained counsel does not necessarily or presumptively render a client “indigent,” especially since the departing lawyer is required to “refund promptly any part of a fee paid in advance that has not been earned.” (Code of Professional Responsibility DR 2-110 [a] [3] [22 NYCRR 1200.15 (a) (3)].) Furthermore, defendant did not advance any valid reason for rejecting his retained attorney’s services, and, in particular, for a last-minute substitution that would have created undue delay (see People v Arroyave, 49 NY2d 264, 271 [1980]).
Defendant then chose to accept a plea offer, and the record establishes that the plea was entered voluntarily, with the effective assistance of the retained attorney he had sought to discharge (see People v Ford, 86 NY2d 397, 404 [1995]). The sentencing court properly exercised its discretion when it denied defendant’s meritless motion to withdraw his plea and properly declined to assign new counsel for purposes of that application (see e.g. People v Rivera, 34 AD3d 240, 241 [2006], lv denied 8
*363 NY3d 926 [2007]; People v Quintana, 15 AD3d 299 [2005], lv denied 4 NY3d 856 [2005]). The purported conflicts of interest with his retained counsel were of defendant’s own making (see People v Linares, 2 NY3d 507, 511-512 [2004]; People v Walton, 14 AD3d 419 [2005], lv denied 5 NY3d 796 [2005]).
We perceive no basis for reducing the sentence. Concur— Tom, J.E, Saxe, Sweeny, Catterson and DeGrasse, JJ.