Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered June 1, 2011, as amended June 27, 2011, convicting defendant, after a jury trial, of six counts of robbery in the first degree, two counts of robbery in the second degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of five years, unanimously affirmed.
Defendant only challenges the legal sufficiency of the evidence supporting the weapon counts, which relate to a loaded revolver recovered from a codefendant. At trial, defendant made a general claim of lack of proof that he acted in concert with the codefendant. However, this did not preserve his specific appellate claim that proof of his accessorial liability for the robbery did not establish his possession of the weapon wielded during that crime by the codefendant, and we decline to review it in the interest of justice.
As an alternative holding, we reject that claim on the merits. Defendant does not dispute the sufficiency of the evidence that he took part in a robbery in which he and the codefendant both displayed what appeared to be firearms. The jury could have reasonably concluded that defendant was a joint possessor of the loaded revolver recovered from the codefendant immediately after the crime, which was an instrumentality of their joint criminal enterprise (see Matter of Kadeem W., 5 NY3d 864 [2005]; People v Ramos, 59 AD3d 269 [1st Dept 2009], lv denied 12 NY3d 858 [2009]; People v Velasquez, 44 AD3d 412 [1st Dept 2007], lv denied 9 NY3d 1040 [2008]). Concur — Mazzarelli, J.E, Andrias, DeGrasse and Clark, JJ.