(March 17, 2015)

The People of the State of New York, Respondent, v Thomas Olsen, Appellant. [2 NYS3d 902]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered March 28, 2012, convicting defendant, after a jury trial, of attempted rape in the first degree, sexual abuse in the first degree, and assault in the second

degree and sentencing him to an aggregate term of six years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant intended to have sexual intercourse with the victim, and came dangerously close to doing so.

Defendant's pro se ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant's remaining pro se claims are without merit. Concur—Sweeny, J.P., Renwick, Saxe, Manzanet-Daniels and Gische, JJ.