■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH MAXWELL, Appellant. [14 NYS3d 32]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered December 19, 2011, as amended January 10, 2012, convicting defendant, upon his plea of guilty, of burglary in the second degree and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

At sentencing, when asked if he would like to be heard, defendant responded: "I feel that my lawyer . . . misrepresented me, misled me in having me sign a waiver of appeal." Stating that he faced a life sentence, defendant complained that after doing his own research at the law library he had learned that "I can do all kinds of years and never have an opportunity to appeal anything I found is wrong with my case, and I don't want that." Defendant did not point to any specific misstatements or coercive conduct by counsel; he argued that "[f]or him to tell me to waive my right to appeal, under no circumstances should you ever tell your client to do something with that dealing with a life sentence and I don't agree with that." Defendant also complained that he had asked counsel to file a CPL 30.30 motion and that counsel falsely responded that he did not have enough time.

The court asked defense counsel if he would like to be heard. With respect to the CPL 30.30 issue, counsel stated that since he had taken over the case there had been numerous adjournments due to plea negotiations and that all but the last adjournment had been on consent. Counsel also stated that to his understanding the time chargeable before his involvement was "minimal" and that the People were "well below any 30.30 dismissal of the indictment based on failure to proceed to trial."

With respect to the waiver of the right to appeal, counsel stated that defendant in fact retained "residual rights of appeal and he can indeed challenge certain aspects of his plea . . . [,] which I believe might address some of the concerns he's raising to your Honor." Counsel also stated that had defendant "pled guilty to the top count he would have been exposed to significantly more prison time before he would become eligible for parole, and the District Attorney had conditioned that plea on his waiving his rights of appeal." Thus, counsel stated that while defendant waived his right to appeal, "it was done in order to avail himself of a lesser prison sentence in order to obtain that plea."

The prosecutor then stated that the People were charged with a little over a month from arrest to arraignment, that the adjournments over the next 16 months were on consent due to plea negotiations, and that from September to late November some but not all of the time was chargeable to the People. He also asserted that defendant's plea was knowing, voluntary and intelligent.

The court observed that despite his complaints, defendant had not expressly asked to withdraw his plea. Nevertheless, addressing the waiver of the right to appeal, the court explained to defendant that it was a condition of the plea deal, and that "it does not mean you can never appeal anything. It means you are waiving your right to appeal certain things." Stating that a large portion of the plea allocution had to do with whether defendant understood the waiver, and that defendant had confirmed that he was willing to waive his right to appeal in exchange for the plea, the court ruled that it would not vacate the plea on the ground that defendant was "somehow deceived or tricked or coerced" into agreeing to the waiver.

With respect to the CPL 30.30 issue, the court explained to defendant that there can be excludable time that is not charged to the People, such as adjournments due to plea negotiations. Noting that there was no written motion and that the CPL 30.30 issue had never been raised before the plea, and that both attorneys had advised the court "that as far as they are concerned, 30.30 is not an issue," the court ruled that "[t]herefore, I'm not going to entertain your motion at this time."

On appeal, defendant argues that, by responding to the court, counsel abandoned his advocate's role and took a position against him, thus providing him with ineffective assistance at a key stage of the proceeding. Accordingly, he asserts that a new hearing on his motion to withdraw his plea must be held, with new counsel assigned to represent him.

"It is well settled that a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea" (*People v Mitchell*, 21 NY3d 964, 966 [2013]). "When certain actions or inaction on the part of defense counsel is challenged on the motion, it may very well be necessary for defense counsel to address the matter when asked to by the court. When doing so, defense counsel should be afforded the opportunity to explain his performance with respect to the plea, but may not take a position on the motion that is adverse to the defendant. At that point, a conflict of interest arises, and the court must assign a new attorney to represent the defendant on the motion" (*id.* at 967 [citations omitted]).

Here, defendant never elaborated on his conclusory assertions that counsel made misrepresentations or misled him into agreeing to the waiver, claims that the court found to be patently without merit and contradicted by the record of the plea allocution (*see People v Quintana*, 15 AD3d 299 [1st Dept 2005], *lv denied* 4 NY3d 856 [2005]). Nor did defendant provide any specifics as to the periods of time that could be charged to the People for CPL 30.30 purposes. Counsel's brief responses to defendant's non-specific complaints did not create a conflict of interest (*see People v Nelson*, 7 NY3d 883 [2006]), and defendant was not improperly denied his right to counsel by the court's failure to assign him new counsel to represent him with respect to his challenge to the plea (*People v Lopez-Perez*, 128 AD3d 1093 [2d Dept 2015]; *People v Morgan*, 114 AD3d 995 [3d Dept 2014], *lv denied* 23 NY3d 1040 [2014]).

Counsel's statement that defendant might not understand that he still retained certain residual rights to appeal despite the waiver, and that his concerns might be mitigated if the court explained that to him, was not adverse to defendant's position. It merely conveyed that if defendant was informed that his waiver did not bar an appeal of all issues, including the voluntariness of the plea, it might affect his view of the waiver. Counsel's factual statement that the waiver was a condition of the People's plea offer, which reduced defendant's sentence and made him eligible for parole at an earlier date, and that he did not believe that there was a basis for a CPL 30.30 motion because all but one of the adjournments since he had taken over the case had been on consent due to plea negotiations, did not go beyond a mere explanation of his performance (*see People v Washington*, 25 NY3d 1091 [2015]; *People v Mitchell*, 21 NY3d at 967; *People v Smith*, 249 AD2d 426 [2d Dept 1998], *lv denied* 92 NY2d 906 [1998]). Counsel did not deny that he advised defendant to agree to the waiver or that he refused to make a CPL 30.30 motion. Nor did he refute any specific factual allegation raised by defendant with respect thereto or affirmatively state his belief that defendant had no legal basis for withdrawing his plea.

Defendant's pro se ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705 [1988]; *People v Olsen*, 126 AD3d 515 [1st Dept 2015]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the record permits review, we find that defendant

received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.