People v Taylor (2019 NY Slip Op 00199)





People v Taylor


2019 NY Slip Op 00199


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


8050 2936/11

[*1]The People of the State of New York, Respondent,
v
Devon Taylor, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.



Judgment, Supreme Court, Bronx County (William I. Mogulescu, J.), rendered August 9, 2016, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 25 years, unanimously affirmed.
The record establishes the voluntariness of defendant's plea, and the court properly denied defendant's motion to withdraw it (see People v Frederick, 45 NY2d 520 [1978]). Defendant did not raise an intoxication defense during the plea colloquy (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]), and, to the extent he did so at sentencing, the court properly rejected his claim that his plea should be withdrawn on that basis. Defendant's claim that his plea was the product of a misunderstanding about his predicate felony status is unpreserved, and is in any event unsupported by the record.
Furthermore, the court appointed new counsel for purposes of the pro se plea withdrawal motion. When the new attorney declined to adopt the motion and stated there were no legal grounds for making such a motion, this did not reach the level of taking an adverse position to his client, and there was no need to appoint yet another attorney (see People v Moore, 132 AD3d 496 [1st Dept 2015], lv denied 27 NY3d 1003 [2016]; People v Foxworth, 25 AD3d 481 [1st Dept 2006], lv denied 7 NY3d 756 [2006]). In any event, the claims made in the motion were "patently insufficient" (People v Mitchell, 21 NY3d 964, 967 [2013]),
Defendant made a valid waiver of his right to appeal (see People v Thomas, 158 AD3d 434 [1st Dept 2018], lv granted 31 NY3d 1088 [2018]), which forecloses his suppression and excessive sentence arguments. Regardless of whether defendant made a valid waiver of his right to appeal, we find that the warrantless taking of a blood sample from defendant while he was hospitalized was supported by exigent circumstances, and we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK