People v Benjamin (2022 NY Slip Op 02079)





People v Benjamin


2022 NY Slip Op 02079


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 


Ind No. 3586/14 Appeal No. 15582 Case No. 2018-04279 

[*1]The People of the State of New York, Respondent,
v
Sebastian Benjamin, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.



Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered July 12, 2018, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 17 years, unanimously affirmed.
The court providently exercised its discretion in admitting evidence of gang activity. The evidence, which included expert testimony regarding the history of a specific conflict between two gangs, a photo in which defendant made a gang sign accompanied by two known members of the gang, and a photo in which two members of the gang made the same sign in defendant's presence was "probative of motive since it provided an explanation as to why defendant would . . . shoot the victim" (People v Brooks, 62 AD3d 511, 511 [1st Dept 2009], lv denied 12 NY3d 923 [2009]). Although defendant's confession also discussed his motive, his explanation made no sense except in the context of a gang rivalry. The evidence permitted the jury to draw a reasonable inference that defendant was, in fact, a member of the gang in question. The probative value of defendant's gang affiliation outweighed any prejudice, which was minimized by the court's limiting instructions (see People v Bailey, 32 NY3d 70, 83-84 [2018]). In any event, any error was harmless in light of the overwhelming evidence of guilt, including surveillance video footage and defendant's confession (see People v Crimmins, 36 NY2d 230, 242 [1975]).
The court providently exercised its discretion in denying defendant's request for new counsel, after conducting the requisite "minimal inquiry" (People v Porto, 16 NY3d 93, 100 [2010]). This inquiry, in which counsel assured the court she would be enhancing her communications with her client, adequately responded to defendant's complaints.
Defendant was not deprived of his right to be present at all material stages of his trial. Defendant's presence was not required at the discussion of his counsel's request to have separate juries at the joint trial of defendant and his codefendant, which "was a legal rather than a factual proceeding" (People v Velasquez, 44 AD3d 412, 412 [1st Dept 2007], lv denied 9 NY3d 1040 [2008] [oral argument on severance motion]). There is no reason to believe that defendant could have had any meaningful input (see People v Fabricio, 3 NY3d 402 [2004]; People v Velasco, 77 NY2d 469, 473 [1991]), especially
where counsel had made the decision, in her professional judgment (see generally People v Colville, 20 NY3d 20 [2012]), to accept a two-jury trial rather than a severance.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022