People v Boodrow (2022 NY Slip Op 03144)





People v Boodrow


2022 NY Slip Op 03144


Decided on May 12, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 12, 2022

109872
[*1]The People of the State of New York, Respondent,
v
Dennis Boodrow, Appellant.

Calendar Date:March 23, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Amanda FiggsGanter, Albany, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Albany County (Young, J.), rendered July 20, 2017, upon a verdict convicting defendant of the crime of grand larceny in the third degree.
In January 2016, defendant and Steven Lawless were arrested for stealing a set of rims and tires off a vehicle. Defendant later reached an agreement with the People whereby he would be permitted to plead guilty to a misdemeanor with a sentence of one year in jail in exchange for his testimony against Lawless. In May 2016, defendant executed a CPL 190.45 waiver of immunity and testified before the grand jury admitting that he and Lawless stole the rims and tires. Lawless later elected to plead guilty, and, in doing so, he attempted to take full responsibility for the subject crime, which ultimately led to defendant asserting his innocence and rejecting his negotiated plea agreement. In June 2016, the same grand jury voted to indict defendant on one count of grand larceny in the third degree. A jury found him guilty as charged, discrediting the alibi testimony offered by Lawless. Defendant was then sentenced, as a second felony offender, to a prison term of 3½ to 7 years. He appeals.
We initially reject defendant's contention that he was deprived of his statutory right to testify before the grand jury. Setting aside the fact that defendant did indeed testify before the grand jury that ultimately indicted him, the record reflects that the People gave defendant notice of the June 2016 grand jury proceeding, the reasonableness of which is not challenged, and there is no indication, or assertion, that defendant provided the People with the requisite written notice of his intent to testify thereat (see CPL 190.50 [5] [a]; People v Morton, 198 AD3d 1176, 1177 [2021], lv denied 37 NY3d 1163 [2022]). To the extent that he asserts that certain oral notice of his intent to testify was sufficient, "[n]o extenuating circumstances exist here" so as to permit such notice, "and nothing in the record suggests that the People waived the statutory written notice requirement" (People v Wilkerson, 140 AD3d 1297, 1300 [2016], lv denied 28 NY3d 938 [2016]; see People v Colantonio, 277 AD2d 498, 499 [2000], lv denied 96 NY2d 781 [2001]).
We are also not persuaded by defendant's contention that County Court abused its discretion in denying his repeated requests to substitute his third attorney and thereby deprived him of his right to counsel. Upon defendant's first request to substitute his third attorney, County Court went well beyond the requisite "minimal inquiry" into defendant's complaints (People v Sides, 75 NY2d 822, 825 [1990]; see People v Porto, 16 NY3d 93, 99-100 [2010]), allowing him an extended opportunity "to air his concerns" about counsel (People v Linares, 2 NY3d 507, 511 [2004]), along with unrelated issues upon which the court had already ruled, and the court appropriately questioned counsel regarding certain of defendant's allegations (see People v Edwards[*2], 96 AD3d 1089, 1092 [2012], lv denied 19 NY3d 1102 [2012]). Under the specific circumstances of this case (see People v Linares, 2 NY3d at 510), County Court providently exercised its discretion in denying the foregoing application, albeit implicitly, as defendant failed to demonstrate "good cause" for substituting in a fourth attorney (People v Smith, 18 NY3d 588, 593 [2012]; see People v Benjamin, 203 AD3d 617, 617 [2022]; People v Abussalam, 196 AD3d 1000, 1007 [2021], lv denied 37 NY3d 1144 [2021]; People v Harris, 166 AD3d 801, 801-802 [2018], lv denied 32 NY3d 1205 [2019]; People v Larkins, 128 AD3d 1436, 1440-1441 [2015], lv denied 27 NY3d 1001 [2016]). Defendant's subsequent requests to substitute counsel were no more than reiterated or otherwise generic complaints, and therefore no further inquiry from the court was warranted (see People v Johnson, 195 AD3d 859, 861 [2021], lv denied 37 NY3d 1097 [2021]; People v Brady, 192 AD3d 1557, 1558 [2021], lv denied 37 NY3d 954 [2021]; People v Harris, 151 AD3d 1720, 1721 [2017], lv denied 30 NY3d 950 [2017]).
Turning to the performance of defendant's various attorneys, his first allegation of ineffective assistance of counsel concerns the foregoing CPL 190.50 matter. To the extent that this may be considered a record-based claim (see People v Irick, 203 AD3d 517, 518-519 [2022]; People v Townsend, 202 AD3d 447, 448 [2022], lv denied 38 NY3d 954 [2022]), it cannot be said that defendant's first attorney was without strategy in declining to facilitate defendant's second appearance before the grand jury in view of defendant's intent to offer alibi evidence after having already provided sworn testimony that he committed the subject crime (see generally People v Hogan, 26 NY3d 779, 786-787 [2016]). In view of the trial evidence and the fact that the jury ultimately rejected defendant's alibi defense, defendant has also failed to establish that he suffered any prejudice from the purported error (see People v Hogan, 26 NY3d at 787; People v Washington, 192 AD3d 1535, 1535 [2021]; People v Graham, 185 AD3d 1221, 1223 [2020], lv denied 36 NY3d 929 [2020]; People v Lasher, 166 AD3d 1242, 1242 [2018], lv denied 32 NY3d 1174 [2019]).
Defendant also claims that his third attorney repeatedly took positions adverse to his interests (see generally People v Mitchell, 21 NY3d 964, 967 [2013]). The first such alleged instance involved a pro se motion in which defendant sought dismissal of the indictment on the ground that he had been denied his statutory right to a speedy trial. Upon our review of the record, we find that counsel's challenged remark regarding defendant's motion did not create the sort of actual conflict of interest that would have necessitated appointment of new counsel (see e.g. People v Joe, 166 AD3d 514, 515 [2018], lv denied 32 NY3d 1205 [2019]; People v Martinez, 166 AD3d 1558, 1559 [2018]; People v Maxwell, 130 AD3d 533, 535 [2015], lv denied 26 NY3d 1010 [2015]; People v Cottrell, [*3]34 AD3d 1345, 1346 [2006], lv denied 8 NY3d 879 [2007]). Even if the brief remark may have arguably been adverse to defendant's motion, the record reveals that County Court's decision to deny defendant's standard form, conclusory motion was not influenced by matters other than those of which it was already aware (see People v Foxworth, 25 AD3d 481, 482 [2006], lv denied 7 NY3d 756 [2006]; People v Thaxton, 309 AD2d 1255, 1256 [2003], lv denied 1 NY3d 581 [2003]; People v Burgos, 298 AD2d 190, 190 [2002], lv denied 99 NY2d 580 [2003]). The other instance cited by defendant involves the same attorney's request that County Court order a competency examination to ensure that defendant could assist in his own defense. However, in requesting a "[CPL] article 730 competency examination over defendant's objection, his legal advisor sought to act in defendant's interest, not contrary to it" (People v Findley, 160 AD3d 492, 493 [2018], lv denied 31 NY3d 1116 [2018]).
The balance of defendant's ineffective assistance of counsel claim is premised upon matters outside the record more appropriately raised in a CPL article 440 motion (see People v Danzy, 182 AD3d 920, 921-922 [2020], lv denied 35 NY3d 1043 [2020]; People v Horton, 173 AD3d 1338, 1341 [2019], lv denied 34 NY3d 933 [2019]). In sum, upon a review of the record as a whole, we are assured that defendant was provided with meaningful representation (see generally People v Benevento, 91 NY2d 708, 711-713 [1998]).
Finally, defendant's challenge to his sentence is moot given that he has been discharged from both prison and parole supervision (see People v Vivona, 199 AD3d 1165, 1166 [2021]; People v Vittengl, 195 AD3d 1233, 1234 [2021]).
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.