People v Martin (2025 NY Slip Op 05204)

People v Martin

2025 NY Slip Op 05204

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Ind. No. 1329/20|Appeal No. 4528|Case No. 2022-04028|

[*1]The People of the State of New York, Respondent,
v
David Martin, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen Strother of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered August 23, 2022, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and assault in the third degree, and sentencing him to concurrent terms of 3½ years on each of the weapon possession counts and 364 days on the assault count, unanimously affirmed.
As the People concede, defendant's Second Amendment arguments as to both possession counts are preserved because the trial court considered and rejected these challenges on the merits in denying defendant's CPL 330.30 motion (see People v Hughes, 22 NY3d 44, 49 [2013]). However, defendant's argument that his convictions under Penal Law § 265.03 (3) and Penal Law § 265.03 (1) (b) violate the Privileges and Immunities Clause, raised for the first time on appeal, is unpreserved and we decline to reach it in the interest of justice.
Defendant lacks standing to assert his facial and as-applied challenges to Penal Law § 265.03 (3) (see United States v Decastro, 682 F3d 160, 164 [2d Cir 2012]; see also People v Diallo, 232 AD3d 427, 427 [1st Dept 2024], lv denied 43 NY3d 930 [2025]; People v Khan, 225 AD3d 552, 552 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]). Further, defendant's contention that standing is established in the absence of any attempt to obtain a license in New York because such an attempt would have been futile is speculative and unavailing. The facts in the record on appeal do not support a finding that defendant would have been unable to obtain a firearm license in New York based on his domicile in Pennsylvania (see Jackson-Bey v Hanslmaier, 115 F3d 1091, 1095 [2d Cir 1997] [petitioner-inmate lacked standing where he "failed to make a substantial showing that registering his religious affiliation would have been futile"]). Additionally, defendant makes no compelling argument that the unpreserved claims in this case warrant review despite the absence of standing. In any event, defendant's challenges in this respect fail on the merits (see e.g. People v Johnson, 225 AD3d 453 [1st Dept 2024], lv granted 42 NY3d 939 [2024]; People v Liriano, 226 AD3d 520 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]).
Assuming proper standing, defendant similarly fails to demonstrate that Penal Law § 265.03 (1) (b) is unconstitutional as applied in this case because the jury was instructed as to the permissive presumption pursuant to CPL 265.15 (4). More specifically, defendant argues that the jury was improperly permitted to presume unlawful intent from his unlicensed possession of the gun. Defendant's argument is premised on the unavailing proposition that the Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) invalidated New York's licensing scheme in its entirety. Bruen did not so hold (id. at 79 [Kavanaugh, J., concurring] ["the Court's decision does not prohibit States from imposing licensing requirements for carrying a handgun for self-defense"]; see also People v Rivera, 41 NY3d 936, 939-940 [2023] ["Bruen alone does not compel the conclusion that New York's criminal possession of a weapon statutes are unconstitutional"]; People v Emmanuel D., 238 AD3d 1068, 1069 [2d Dept 2025]). Moreover, as defendant recognizes, the presumption does not apply to someone who has a license to carry a firearm in New York (see Penal Law § 265.20 [a] [3]). Therefore, on this record, defendant makes no persuasive argument for concluding that the permissive presumption did not survive the holding in Bruen (see People v Sargeant, 230 AD3d 1341 [2d Dept 2024]).
The evidence was legally sufficient to prove intent to use a loaded firearm unlawfully under Penal Law § 265.03 (1) (b). The testimony at trial demonstrated that when Freddy Vargas, a maintenance worker, entered the lobby, he observed Miguel Silverio, the doorman, struggling with defendant. Vargas rushed over and held defendant down. As he struggled with defendant, Vargas saw a gun on the floor underneath a bench near the elevator. Vargas testified that the gun "must have fallen off from [defendant]" during the struggle. Defendant was able to "grab the gun" with his hand. Vargas "grabbed [defendant's] hand so he wouldn't do anything with the gun." Vargas stated that when he saw defendant's hand touch the gun, he screamed. According to Silverio, when he heard Vargas's scream and saw defendant's hand on the gun, he stepped on both of their hands, "grabbed the gun, and pulled it from [defendant's] hand." Silverio testified repeatedly that the gun was in defendant's hand when he removed it from defendant and that Vargas's hand was on defendant's hand. Surveillance video shows defendant reaching under the bench where the gun had fallen.
Viewing the evidence in the light most favorable to the prosecution, we find that the evidence supporting defendant's conviction under Penal Law § 265.03 (1) (b) was legally sufficient to establish defendant's guilt beyond a reasonable doubt (see People v Contes, 60 NY2d 620, 621 [1983]). In light of the above, defendant's assertion that the evidence established only that he possessed a loaded firearm and that his conviction on this count was based entirely on the presumption is unavailing. Additionally, the conviction on this count is also not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Noble, 86 NY2d 814, 815 [1995] [weight of the evidence review "is constrained to . . . the elements of the crime as charged without objection by defendant"]), and there is no basis for disturbing the jury's credibility determinations (see People v Velasquez, 44 AD3d 412, 412 [1st Dept 2007], lv denied 9 NY3d 1040 [2008]). Likewise, defendant's conviction of second-degree criminal possession of a weapon under Penal Law § 265.03(3) was supported by legally sufficient evidence, and the verdict was not against the weight of the evidence (see Danielson, 9 NY3d at 348-349; see also Noble, 86 NY2d at 815; People v Baque, 43 NY3d 26, 30-31 [2024]).
The court properly denied defendant's CPL 30.30 motion. Defendant failed to establish that six months or more of delay was chargeable to the People (see People v Mannino, 306 AD2d 157, 157 [1st Dept 2003], lv denied 100 NY2d 643 [2003]).
We have considered defendant's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025