■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER HANN, Appellant. [604 NYS2d 453] —Judgment unanimously affirmed. Memorandum: Defendant contends that his oral statements to police should have been suppressed because he was in custody and interrogated before he received *Miranda* warnings. Although defendant was in custody when he made some of his oral statements, none of those statements was solicited by the police. Moreover, there is no indication that the police acted in a manner that "should reasonably have been anticipated to evoke a statement from the defendant" or that the statements were not self-generating *(People v Rivers,* 56 NY2d 476, 480, *rearg denied* 57 NY2d 775). Instead, the record demonstrates that defendant was eager to relate the events at issue to every police officer who came on the scene. Therefore, there is no basis for defendant's conclusion that his statements were the product of either direct or subtle police interrogation *(cf., People v Stoesser,* 53 NY2d 648; *People v Maerling,* 46 NY2d 289, 301-303). Likewise, there is no merit to the contention of defendant that his statements

were not voluntary because he was agitated when he made them.

In view of the nature of the crime, the sentence imposed was neither harsh nor excessive. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Assault, 1st Degree.) Present—Pine, J. P., Balio, Doerr, Boomer and Boehm, JJ.