OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 
 *920
 
 Defendant was charged with criminal possession of a controlled substance in the first, second, third and fourth degrees, criminal possession of a weapon in the third degree and criminal use of drug paraphernalia in the second degree. The trial court submitted one count to the jury on the basis of the drug factory presumption (Penal Law § 220,25 [2]) and the remaining eight counts on the theory of constructive possession. The jury convicted defendant of all counts charged.
 

 The trial evidence was sufficient to establish defendant’s possession of all the narcotics and weapons recovered as the People’s evidence established more than her mere presence but her presence under a particular set of circumstances from which a jury could infer possession
 
 (see People v Tirado,
 
 38 NY2d 955, 956;
 
 see also, United States v Soto,
 
 959 F2d 1181, 1185). In. addition to defendant’s photograph which suggested a connection to this obvious drug factory, a reasonable jury could conclude that only trusted members of the operation would be permitted to enter an apartment containing a large cache of drugs, money and weapons in plain view. In the particular facts of this case, the jury could also infer that, if the drugs to which the statutory presumption applied were part of the drug factory’s supply, all the contraband found must have been controlled by the factory’s operatives.
 

 The Appellate Division properly affirmed the convictions on the theory of constructive possession. However, alternative review of defendant’s sufficiency claims on the basis of the drug factory presumption (Penal Law § 220.25 [2]) was not warranted where the trial court did not submit the charges to the jury on that theory.
 

 Defendant’s remaining contention is unpreserved for our review.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.