■ The People of the State of New York, Respondent, v Veronica Jackson, Appellant. [724 NYS2d 402] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered May 19, 1997, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second and third degrees, and two counts of criminally using drug paraphernalia in the second degree, and sentencing her, as a second felony offender, to concurrent indeterminate terms of imprisonment of from 6 years to life imprisonment and from 4½ to 9 years respectively on the possession convictions, and concurrent determinate 1 year terms on each of the drug paraphernalia convictions, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence clearly established that defendant acted in concert with the codefendant in a drug dealing operation that was based in the apartment from which the codefendant threw more than two ounces of crack cocaine out of a window as police were entering with a "no-knock" warrant (*see, People v Bundy*, 90 NY2d 918). The evidence connecting defendant to the contraband featured a purse belonging to defendant containing more than $1,400, mostly in small bills, and a notebook with a page in defendant's handwriting containing records of apparent drug transactions. Defendant's challenge to the court's charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that nothing in the charge undermined the sufficiency or weight of the evidence.

We have considered the points raised in defendant's *pro se* supplemental brief, including her double jeopardy claim and her claim of ineffective counsel on appeal, and find them without merit. Contrary to defendant's claim, the record

reflects that there was only one indictment filed against her in this case. Concur—Mazzarelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.