■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS MANIYA, Also Known as FRANCIS RUIZ, Appellant. [812 NYS2d 107]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered July 9, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees and endangering the welfare of a child, and sentencing her to concurrent terms of 3 to 9 years, 2 to 6 years and 1 year, respectively, unanimously modified, as a mat-

ter of discretion in the interest of justice, to the extent of reducing the sentences on each of the controlled substance convictions to 1 to 3 years, and also modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence, including the presence of drug residue on a scale and on various other objects throughout defendant's apartment, supported the conclusion that defendant, while acting in concert with another person, knowingly possessed the drugs recovered from the apartment (*see People v Bundy,* 90 NY2d 918, 920 [1997]; *People v Watson,* 56 NY2d 632 [1982]; *People v Reisman,* 29 NY2d 278, 285-286 [1971], *cert denied* 405 US 1041 [1972]).

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed.

We find the sentence excessive to the extent indicated. Concur—Tom, J.P., Marlow, Gonzalez, Catterson and Malone, JJ.