■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MOTA, Appellant. [826 NYS2d 258]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered March 16, 2004, as amended April 26, 2006,

convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 10 years, unanimously affirmed.

The court properly denied defendant's motion to set aside the verdict, made on the ground of newly discovered evidence. Not all of the required statutory elements for such relief were set forth in sworn form, defendant did not show that his alleged new witness could not have been produced at the first trial with due diligence, and the alleged new evidence did not "create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]). The alleged newly discovered evidence related to the possible ownership of a car defendant was driving, which contained a very large and valuable quantity of drugs in a secret compartment. However, the claimed new evidence had little probative value on the issue of who owned the car at the time of defendant's arrest. In any event, regardless of who actually owned this car, there was overwhelming proof, including evidence of defendant's consciousness of guilt, that established his knowing possession of the drugs (*see People v Reisman*, 29 NY2d 278, 285-286 [1971], *cert denied* 405 US 1041 [1972]; *see also People v Bundy*, 90 NY2d 918, 920 [1997]).

Pursuant to the Drug Law Reform Act (L 2004, ch 738), defendant has already received a substantial reduction of his original sentence, and we perceive no basis for reducing the sentence further. Concur—Sullivan, J.P., Williams, Sweeny, Catterson and Malone, JJ.