■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE ROBINSON, Appellant. [838 NYS2d 69]—

Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered October 7, 2005, convicting defendant, after a nonjury trial, of two counts of criminal possession of a controlled substance in the third degree and two counts of criminally using drug paraphernalia in the second degree, and sentencing him to an aggregate term of 1 to 3 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Although defendant lived in a different apartment in the same building, the police saw him leaving the apartment in question, reentering with another person, leaving once again and locking the apartment door with a key that the police recovered from defendant. The evidence established that this apartment was not a residence, but a drug factory containing large amounts of narcotics, drug paraphernalia and cash, and permeated by a noxious chemical smell. From this evidence, "a reasonable [factfinder] could conclude that only trusted members of the [drug] operation would be permitted to enter" (*People v Bundy*, 90 NY2d 918, 920 [1997]), and that defendant was one of the possessors of the apartment's unlawful contents by virtue of his involvement in the operation. There is no merit to defendant's hypothesis that defendant could merely have been a helpful neighbor checking on someone else's apartment. Concur—Tom, J.P., Mazzarelli, Saxe, Williams and Malone, JJ.