(October 9, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE JACKSON, Appellant. [845 NYS2d 224]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered January 12, 2006, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, criminal use of drug paraphernalia in the second degree and unlawful possession of marijuana, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.

The court properly denied defendant's motion to suppress contraband recovered from his person. The police lawfully executed a search warrant, which had been based on probable cause to believe that drugs were being sold from a particular apartment. The warrant authorized the police to search the apartment in which defendant was found and to search certain persons. With the exception of a possible recent change of hairstyle, defendant met the description of one of these persons, and thus the court correctly concluded that the police lawfully searched defendant pursuant to the warrant. The court also properly found, in the alternative, that there was probable cause to arrest defendant based on his suspicious behavior strongly suggesting that he was connected with the known narcotics activity at the apartment. Furthermore, as has frequently been observed with regard to proof of possession, it is reasonable to conclude that occupants of a location used for selling drugs are likely to be participants in the drug operation and not innocent visitors (see People v Bundy, 90 NY2d 918, 920 [1997]).

We perceive no basis for reducing the sentence. Concur—Lippman, P.J., Tom, Marlow, Gonzalez and Malone, JJ.