■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YGNACIO GONZALEZ, Appellant. [855 NYS2d 485]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered March 28, 2007, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 3½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant was a possessor of the cocaine the police seized from defendant's companion and from the companion's nearby parked car. Defendant fled and hid from the police who raided his apartment. In the apartment, the officers found drug weighing and packaging paraphernalia in open view on a living room table, along with records of drug transactions and defendant's

identification card. The companion was found standing near a closet in defendant's bedroom and holding 33 tin foils of cocaine whose packaging material matched the packaging found on the table. In defendant's bedroom, the police also found a ledger recording drug transactions. From this evidence, the inference is inescapable that defendant and his companion were jointly engaged in a drug-selling enterprise, and that the drugs recovered from the companion's hands and vehicle were possessed by both men as part of that enterprise. Accordingly, defendant could properly be convicted under both a theory of constructive possession, which the court correctly submitted to the jury, as well as under a theory of accessorial liability (*see People v Hyde*, 302 AD2d 101 [2003], *lv denied* 99 NY2d 655 [2003]; *People v Jackson*, 283 AD2d 201 [2001], *lv denied* 96 NY2d 902 [2001]; *see also People v Bundy*, 90 NY2d 918, 920 [1997]). Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.