■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO LUGO, Appellant. [878 NYS2d 34]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered February 13, 2007, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree and three counts of criminally using drug paraphernalia in the second degree, and sentencing him to an aggregate term of five years, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The police raided an apartment that was an obvious drug factory and arrested several men not including defendant. Among other things, they found a large quantity of drugs in a locked room, contained in two locked

safes. The police, who had seen defendant entering and leaving the building on other occasions, arrested him in front of a nearby building. Defendant was in possession of keys for the apartment, the locked room, and the safes, and the jury had ample basis upon which to discredit his testimony, in which he sought to explain his possession of the keys. The conclusion is inescapable that a person carrying this particular collection of keys was, at least, a participant in the drug operation being conducted out of the apartment and at least a joint possessor of the contraband at issue (*see People v Bundy*, 90 NY2d 918, 920 [1997]; *People v Robinson*, 41 AD3d 317 [2007], *lv denied* 9 NY3d 925 [2007]).

Although the court's circumstantial evidence charge should have specifically mentioned the concept of exclusion beyond a reasonable doubt of every reasonable hypothesis of innocence, the charge sufficiently conveyed that principle in substance (*see People v Schachter*, 6 AD3d 111 [2004], *lv denied* 3 NY3d 647 [2004]). In any event, any error in the charge was harmless.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Tom, Sweeny, Buckley and Acosta, JJ.