■ The People of the State of New York, Respondent, v Donsha Jackson, Appellant. [930 NYS2d 181]—

Defendant's suppression motion was properly denied in all respects. The police had a warrant, the validity of which is not at issue, to search apartment 12A of a residential building. As the police came out of the elevators on the 12th floor, they saw defendant, who was holding keys in his hand, suggesting that he was connected to one of the eight apartments on that floor. This provided the police with an objective, credible reason to ask defendant where he was coming from (*see generally People v Hollman*, 79 NY2d 181, 185 [1992]). This simple question was a level-one request for information, and while the large number of officers present may have created a crowded condition in the hallway, this was not so intimidating as to transform the encounter into a common-law inquiry.

Defendant responded that he was coming from apartment 12A, the apartment that the officers were about to search. This answer, along with defendant's possession of keys, created reasonable suspicion that he was involved in the criminal activity that was the subject of the warrant. The fact that the officers

451

were about to execute a warrant provided additional justification for detaining defendant for their safety and to ensure that he did not interfere with the search (*see People v Allen*, 73 NY2d 378, 379-380 [1989]; *see also Michigan v Summers*, 452 US 692 [1981]).

The level of suspicion increased when defendant yelled that he had "changed [his] mind," and that he had come from apartment 12C, not 12A. A woman later determined to be defendant's sister then opened the door to apartment 12C, whereupon defendant immediately made statements to her that evinced a consciousness of guilt. At the time defendant made these statements, he was still being lawfully detained. In this fast-paced incident, defendant was detained no longer than necessary. Accordingly, defendant's statements or directives to his sister were not subject to suppression.

Similarly, the police were entitled to use defendant's statements to his sister as one of the bases for obtaining a search warrant for apartment 12C. Defendant's remaining challenges to that warrant are without merit.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.