# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1035

KA 12-00368

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

AARON J. JOHNSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (LINDA M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered October 13, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, criminal possession of marihuana in the fifth degree and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]), defendant contends that County Court erred in refusing to suppress physical evidence and his inculpatory statement. We reject that contention.

As police officers approached an apartment to execute a search warrant, the validity of which is not at issue on this appeal, they observed defendant standing in the driveway, only 10 feet away from the "wide open" door of the unoccupied apartment. Officers physically detained defendant while they secured the apartment and, after observing large quantities of cocaine and marihuana in open view on a table in the living room of the apartment, the officers arrested him. Defendant was brought into the apartment while officers conducted a more thorough search of the premises and, shortly thereafter, defendant identified the cell phone on the table next to the drugs as belonging to him. When the officers conducted a search of defendant's person incident to arrest, they recovered documents linking him to the apartment.

Contrary to defendant's contention, we conclude that defendant was lawfully detained incident to the execution of the search warrant inasmuch as he was in the "immediate vicinity of the premises to be searched" (*Bailey v United States*, ___ US ___, ___, 133 S Ct 1031, 1041). Although the Supreme Court has not defined "immediate vicinity," the Court has limited it "to the area in which [a person] poses a real threat to the safe and efficient execution of a search warrant" (*id.* at ___, 133 S Ct at 1042). Factors to consider include "the lawful limits of the premises, whether the [person] was within the line of sight of his [or her] dwelling, [and] the ease of reentry from the [person's] location" (*id.*). In our view, defendant was in the immediate vicinity of the premises to be searched and, therefore, was lawfully detained (*see People v Sanin*, 60 NY2d 575, 576-577; *People v Jackson*, 88 AD3d 451, 451-452, *lv denied* 18 NY3d 884; *cf. People v Reyes*, 210 AD2d 159, 160, *lv denied* 84 NY2d 1037, *cert denied* 515 US 1152).

Once the large quantity of drugs and money were located in plain view in the apartment, there was probable cause to arrest defendant inasmuch as it was reasonable to conclude that "only trusted members of the [drug] operation would be permitted to enter an apartment containing a large cache of drugs[ and] money . . . in plain view" (*People v Bundy*, 90 NY2d 918, 920; *see People v Jackson*, 44 AD3d 364, 364, *lv denied* 9 NY3d 991).

As defendant correctly contends, "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person" (*Ybarra v Illinois*, 444 US 85, 91, *reh denied* 444 US 1049). Here, however, defendant was not merely near others suspected of criminal activity. Rather, defendant was the person suspected of criminal activity because he was the only person in or around an open apartment in which large quantities of drugs were located in plain view. We thus conclude that defendant's reliance on *Ybarra* is misplaced.

"Because the arrest was supported by probable cause, the police were authorized to search defendant incident to that lawful arrest and thus properly seized the inculpatory paper[s] from defendant's pocket during that search" (*People v Ralston*, 303 AD2d 1014, 1014-1015, *lv denied* 100 NY2d 565; *see generally People v Weintraub*, 35 NY2d 351, 354).

Defendant further contends that the court erred in refusing to suppress his statement identifying the cell phone, which was located on the table next to the drugs, as belonging to him. Relying on *Rhode Island v Innis* (446 US 291) and *People v Ferro* (63 NY2d 316, 321-323, *cert denied* 472 US 1007), he specifically contends that the police officers engaged in the functional equivalent of custodial interrogation without the benefit of *Miranda* warnings when they placed him in an area near the cell phone and questioned him concerning pedigree information. We reject that contention. The testimony from the suppression hearing established that the police officers did not in any way draw attention to the phone and "there is no indication that the police acted in a manner that 'should reasonably have been

anticipated to evoke a statement from the defendant' [concerning the phone] or that the statement[] [was] not self-generating" (*People v Hann*, 198 AD2d 904, 904, *lv denied* 83 NY2d 805, quoting *People v Rivers*, 56 NY2d 476, 480, *rearg denied* 57 NY2d 775; *see People v Castro*, 73 AD3d 800, 800-801, *lv denied* 15 NY3d 803; *People v Arriaga*, 309 AD2d 544, 545, *lv denied* 1 NY3d 624; *cf. Ferro*, 63 NY2d at 323). Finally, the questions of the officers relating only to pedigree information "were not 'subtly designed to elicit a statement' from defendant" (*People v Lipscomb*, 214 AD2d 970, 970, *lv denied* 86 NY2d 797, *cert denied* 516 US 1078).

Entered:  October 2, 2015

Frances E. Cafarell
Clerk of the Court