People v Henderson (2018 NY Slip Op 04449)





People v Henderson


2018 NY Slip Op 04449


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6901 427/14

[*1]The People of the State of New York, Respondent,
v
Kenneth Henderson, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Anita Aboagye-Agyeman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 24, 2015, convicting defendant, upon his plea of guilty, of two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of four years, unanimously affirmed.
The court properly denied defendant's suppression motion. When the police handcuffed defendant upon entering an apartment to execute a search warrant, this did not constitute an arrest, and it did not require particularized suspicion because it was justified by the officers' reasonable interest in ensuring their safety and preventing any occupants from interfering with the search (see Bailey v United States, 568 US 186, 192-195 [2013]; Muehler v Mena, 544 US 93, 98-99 [2005]; People v Jackson, 88 AD3d 451 [1st Dept 2011], lv denied 18 NY3d 884 [2012]).
Shortly after detaining defendant, the police acquired probable cause to search and arrest him based on their reasonable belief, given the totality of the circumstances, that defendant had committed a narcotics-related crime (see People v Bigelow, 66 NY2d 417, 423 [1985]). The officers saw part of a plastic bag protruding from defendant's waistband. The officers knew this type of bag was commonly used as drug packaging, and it appeared to have been hurriedly stuffed into defendant's underwear in an effort to conceal contraband. Although defendant was not named in the search warrant, these observations, along with the common sense inferences to be drawn from his occupancy of a place of drug trafficking (see People v Bundy, 90 NY2d 918, 920 [1997]; People v Jackson, 44 AD3d 364 [1st Dept 2007], lv denied 9 NY3d 991 [2007]), provided probable cause to believe that defendant was a participant in the drug operation conducted out of the apartment.
Defendant's challenge to the voluntariness of his guilty plea is unpreserved, and we decline to review it in the interest of justice. Because "defendant said nothing at the plea colloquy or sentencing proceeding that negated an element of the crime," the narrow exception to the preservation rule does not apply (see People v Pastor, 28 NY3d 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 665 [1988]). Statements made during a presentence interview are not part of the actual sentencing proceeding and do not implicate Lopez (see e.g. People v Rojas, 159 AD3d 468 [1st Dept 2018]). As an alternative holding, we find that there is no basis to vacate [*2]the plea, insofar as the court had no obligation to inquire about the statement in the presentence report, and, in any event, the allegedly exculpatory statement did not directly contradict, or cast doubt on, defendant's guilt.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK