People v Headley (2022 NY Slip Op 02234)

People v Headley

2022 NY Slip Op 02234

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Gische, J.P., Moulton, Scarpulla, Shulman, Pitt, JJ. 

Ind No. 4853N/15 Appeal No. 15643 Case No. 2019-2477 

[*1]The People of the State of New York, Respondent,
v
Milton Headley, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Alba Morales of counsel) and Orrick, Herrington & Sutcliffe LLP, New York (Alyssa Barnard-Yanni of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered January 16, 2018, convicting defendant, after a jury trial, of attempted robbery in the first degree and conspiracy in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of five years, unanimously modified, on the law, to the extent of vacating the conviction for attempted first-degree robbery and dismissing that count, and otherwise affirmed.
Defendant's conspiracy conviction was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's argument that he was merely present in the front passenger seat of a car that was also occupied by the primary conspirator is unavailing. In what was actually a police sting operation, this car was leading a convoy of cars containing conspirators en route to commit what they thought would be an armed robbery involving a large shipment of drugs, following two months of planning. The totality of the circumstances warranted inferences that defendant intended to partake in an armed robbery and agreed with the other assembled codefendants to assist in carrying it out (see People v Bundy, 90 NY2d 918, 920 [1997]; United States v Anderson, 747 F3d 51, 67 [2d Cir 2014], cert denied sub nom. Hakimi v United States, 574 US 850 [2014]). There was no reasonable innocent explanation for defendant's presence at this crucial stage of the conspiracy (see generally People v Rodriguez, 62 AD3d 568, 569 [1st Dept 2009], lv denied 12 NY3d 928 [2004]).
However, the police stop of the conspirators' cars on the way to a robbery location several miles away, which had yet to be specifically identified to the conspirators by the police sting operators, rendered the evidence legally insufficient to support the attempted first-degree robbery charge, because defendant and the others cannot be deemed to have been dangerously near to committing the robbery under those circumstances (People v Lendof-Gonzalez, 36 NY3d 87, 92-93 [2020]; People v Rizzo, 246 NY 334, 337-339 [1927]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022