People v Cortorreal (2022 NY Slip Op 03690)

People v Cortorreal

2022 NY Slip Op 03690

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Renwick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Ind. No. 2745N/17 Appeal No. 16081-16082 Case No. 2019-5144, 2019-05519 

[*1]The People of the State of New York, Respondent,
v
Arcadio Cortorreal, Defendant-Appellant.
The People of the State of New York, Respondent,
v
Juan Ramon Cortorreal, Defendant-Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Joseph Nursey of counsel), for Arcadio Cortorreal, appellant.
Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for Juan Ramon Contorreal, appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered May 6, 2019, as amended May 31, 2019, convicting defendants, after a jury trial, of criminal possession of a controlled substance in the first and third degrees and criminally using drug paraphernalia in the second degree (two counts), and sentencing each defendant to an aggregate term of eight years, unanimously affirmed.
The verdict was not against the weight of the evidence. There was ample evidence of constructive possession, including evidence from which a "reasonable jury could conclude that only trusted members of the [drug] operation would be permitted to enter" the apartment in question (People v Bundy, 90 NY2d 918, 920 [1997]), which was being used exclusively to process and package heroin. The evidence also established the guilt of both defendants under the statutory room presumption (Penal Law § 220.25[2]). The drugs and paraphernalia were in open view and defendants were "sufficiently near the drugs so as to evince [their] participation in an apparent drug sales operation," even if they were not apprehended in the room with the drugs (People v Kims, 24 NY3d 422, 433-34 [2014]; see also People v Hogan, 118 AD3d 1263, 1264 [4th Dept], affd 26 NY3d 779 [2016]).
The court providently exercised its discretion in denying defendants' mistrial motions based on an investigator's testimony that he knew defendant Juan Ramon Cortorreal from a prior investigation or investigations, and a related comment by the prosecutor in summation. The court's curative actions were sufficient to prevent prejudice (see People v Santiago, 52 NY2d 865 [1981]). The parties had agreed that the investigator could explain that he knew this defendant by a particular name on the basis of unspecified "previous knowledge." The additional reference to "investigations" or words to that effect was not so prejudicial as to warrant the drastic remedy of a mistrial.
Defendants have not preserved their other challenges to the prosecutor's summation, their objections to expert testimony, and their claims that witnesses testified to matters that had been precluded by the court, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022