People v Sheard

2026 NY Slip Op 02343

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Appellant,

v

David Sheard, Defendant-Respondent.

Decided and Entered: April 16, 2026

Ind No. 70158/22|Appeal No. 6390|Case No. 2025-04560|

Before: Moulton, J.P., Scarpulla, Shulman, Rodriguez, Michael, JJ.

Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Rachel Lindy of counsel), for respondent.

[*1]

Oral decision and order, Supreme Court, Bronx County (Jeanette Rodriguez-Morick, J.), dated July 31, 2024, which granted the People's motion to reargue but adhered to the court's order, dated June 17, 2024, vacating the guilty verdicts on the counts of attempted sex trafficking of a child, and attempted promoting prostitution in the second degree, unanimously reversed, on the law, defendant's motion denied in its entirety, the verdict convicting defendant on the counts of attempted sex trafficking of a child and attempted promoting prostitution in the second degree reinstated, and the matter remitted for resentencing.

This case stems from the 34-year-old defendant's operation of a sex worker business using 16-year-old A.J., known as "Candy," as a sex worker. After an undercover police operation's "rescue" of A.J. from the business, defendant engaged in conduct which the jury found intended to reinitiate his exploitation of A.J. as a child sex worker. Evidence presented during the jury trial reflected extensive electronic communications between A.J. and defendant. Defendant's post-rescue communications to A.J. included screenshots of text exchanges with sex buyers requesting "Candy," as well as repeated requests that A.J. come back to him.

The jury convicted defendant of promoting prostitution in the second degree, endangering the welfare of a child, attempted sex trafficking of a child, attempted promoting prostitution in the second degree, and attempted endangering the welfare of a child. Subsequently, the Supreme Court orally granted defendant's motion for a trial order of dismissal as to the counts of attempted sex trafficking of a child and attempted promoting prostitution in the second degree on the record. The People then moved to reargue that decision. Supreme Court granted the reargument motion but adhered to its original trial order of dismissal.

The Supreme Court improperly vacated the guilty verdicts on the counts of attempted sex trafficking of a child and attempted promoting prostitution in the second degree.FN1 Evidence is legally sufficient if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found essential elements of the crime beyond a reasonable doubt" (People v Schulz, 4 NY3d 521, 529 [2005] [internal quotation marks omitted]).

Here, the evidence was legally sufficient to demonstrate that defendant's pre-rescue association with A.J. was for the purpose of making money from her participation in sex work and his post-rescue communications were aimed at restoring the same relationship that previously existed. Thus, the jury's verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).

[*2]

Defendant's argument that the evidence did not show that he came dangerously close to committing either attempted sex trafficking of a child or attempted promoting prostitution in the second degree misapprehends the elements of these crimes. To be guilty of an attempt to commit a crime, "a person's conduct" must come "dangerously close to committing the intended crime" (People v Lendof-Gonzalez, 36 NY3d 87, 89 [2020] [internal quotation marks omitted]; see also People v Headley, 204 AD3d 417, 418 [1st Dept 2022], lv denied 38 NY3d 1071 [2022]). In this case, the requirement was satisfied because the evidence shows that defendant "carr[ied] the project forward within dangerous proximity to the criminal end to be attained" (People v Lendorf-Gonzalez, 36 NY3d at 93 [internal quotation marks and citation omitted]).

We have considered defendant's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026

Footnotes

Footnote 1: A person commits sex trafficking of a child when he or she is twenty-one years old or older and "intentionally advances or profits from prostitution of another person and such person is a child less than eighteen years old" (Penal Law § 230.34-a[1]). As relevant here, a person commits second-degree promoting prostitution when "he or she knowingly . . . [a]dvances or profits from prostitution of a person less than eighteen years old" (Penal Law § 230.30[2]).