■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIO JIMENEZ, Appellant. [972 NYS2d 20]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J., at suppression hearing; Marcy L. Kahn, J., at jury trial and sentencing), rendered November 18, 2011, convicting defendant of two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of four years, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The court properly denied defendant's suppression motion. Defendant did not preserve his contention that the search of his backpack was not properly conducted as a search incident to arrest. Defendant made completely different arguments, and gave no indication that he was challenging the search of his backpack under the principles expressed in *People v Gokey* (60 NY2d 309 [1983]). Although the People elicited some testimony relevant to a *Gokey* issue, and the hearing court made some reference to such an issue, the court did not "expressly decide[ ]" the issue "in response to a protest by a party" (CPL 470.05 [2]; *see People v Colon*, 46 AD3d 260, 263 [2007]). In particular, while defendant now claims that the record is insufficiently developed with respect to his proximity to the backpack at the time of the search, he never alerted the hearing court to any such deficiency at the time it could have been remedied (*see People v Martin*, 50 NY2d 1029, 1031 [1980]). Accordingly, we find that defendant did not preserve his present claims, and we decline to review them in the interest of justice.

As an alternative holding, we also reject them on the merits. The hearing evidence supports inferences that the arrest and search were contemporaneous, that defendant was not handcuffed at the time of the search, and that the backpack was in defendant's grabbable area while not being in the exclusive control of the police (*see People v Smith*, 59 NY2d 454 [1983]; *People v Wylie*, 244 AD2d 247 [1997], *lv denied* 91 NY2d 946 [1998]). At the time of the search, the officer had a legitimate concern that defendant could gain access to some type of weapon, or could destroy evidence. Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels and Clark, JJ.