■ The People of the State of New York, Respondent, v Rod H. Brown, Appellant. [983 NYS2d 725]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered April 20, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and criminal possession of a controlled sub-

stance in the fifth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of 10 years, unanimously affirmed.

Although the court did not explicitly discuss on the record alternatives to closing the courtroom for the testimony of the undercover officers, the record sufficiently demonstrates that the court fulfilled its obligation under *Waller v Georgia* (467 US 39 [1984]) to consider such alternatives (*see People v Echevarria*, 21 NY3d 1, 14-19 [2013]). As the Court of Appeals has held, where the record in a buy-and-bust case "makes no mention of alternatives but is otherwise sufficient to establish the need to close the particular proceeding . . . it can be implied that the trial court, in ordering closure, determined that no lesser alternative would protect the articulated interest" (*People v Ramos*, 90 NY2d 490, 503-504 [1997], *cert denied* 522 US 1002 [1997]; *see also Echevarria*, 21 NY3d at 18 [finding that the holding in *Ramos* is unaffected by *Presley v Georgia*, 558 US 209 (2010)]).

Criminal Court (Ellen M. Coin, J.), properly determined that defense counsel had the ultimate authority to decide whether his client should testify before the grand jury, and properly denied defendant's request to testify against the advice of his attorney. Defendant's argument "incorrectly equates the right to testify before the grand jury with the right to testify at trial" (*People v Santiago*, 72 AD3d 492, 492 [1st Dept 2010], *lv denied* 15 NY3d 757 [2010]). "[U]nlike certain fundamental decisions as whether to testify at trial, which are reserved to the defendant . . . with respect to strategic and tactical decisions like testifying before the grand jury, defendants represented by counsel are deemed to repose decision-making authority in their lawyers" (*People v Lasher*, 74 AD3d 1474, 1476 [3d Dept 2010] [citations and internal quotation marks omitted], *lv denied* 15 NY3d 894 [2010]). The strategic decision to testify before the grand jury requires the "expert judgment of counsel" (*People v Colville*, 20 NY3d 20, 32 [2012]), because it involves weighing the possibility of a dismissal, which, in counsel's judgment, may be remote, against the potential disadvantages of providing the prosecution with discovery and impeachment material, making damaging admissions, and prematurely narrowing the scope of possible defenses.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

We perceive no basis for reducing the sentence. Concur—Renwick, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Feinman, JJ.