=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 6
The People &c.,
          Appellant,
      v.
Michael S. Brumfield,
          Respondent.



          Kelly Christine Wolford, for appellant.
          David R. Juergens, for respondent.




MEMORANDUM:

     The order of the Appellate Division should be affirmed.

     The People appeal from a judgment vacating defendant's

conviction, upon a jury verdict, of attempted criminal possession

of a weapon in the second degree (Penal Law §§ 110.00, 265.03

[3]), attempted criminal possession of a weapon in the third

- 1 -

degree (Penal Law §§ 110.00, 265.02 [1]), obstructing

governmental administration in the second degree (Penal Law §

195.05) and resisting arrest (Penal Law § 205.30), and dismissing

the indictment without prejudice to the People to re-present any

appropriate charges to another grand jury.

In vacating the judgment of conviction, the Appellate

Division held that defendant was denied his right to testify

before the grand jury.  We agree.  CPL 190.50 (5) provides that a

defendant must be permitted to testify before a grand jury if he

serves upon the People a notice of intent to testify, appears at

the designated time and place, and signs and submits a waiver of

immunity pursuant to CPL 190.45. The parties do not dispute that

defendant complied with the first two requirements of CPL 190.50

(5).  Rather, the issue presented on this appeal is whether

defendant complied with the third requirement of signing a waiver

of immunity.  CPL 190.45 (1) provides:

> "A waiver of immunity is a written instrument subscribed by
> a person who is or is about to become a witness in a grand
> jury proceeding, stipulating that he [or she] waives his
> privilege against self-incrimination and any possible or
> prospective immunity to which he [or she] would otherwise
> become entitled, pursuant to section 190.40 . . . . "

The People presented defendant with a waiver of immunity form

that included the provisions required by CPL 190.45, and three

additional provisions that are not required under that statute.

One paragraph concerned defendant's right to talk to a lawyer

before deciding whether to sign the waiver, and before

testifying.  Another paragraph stated that defendant understands "that the possible questioning before the Grand Jury will not be limited to any specific subjects, matters or areas of conduct." And the third paragraph stated that defendant consented and agreed to the use against him of any testimony given by him before the Grand Jury "or evidence hereby produced by [him] upon any investigation, hearing, trial, prosecution or proceeding." Defendant struck out those three additional provisions and signed the form. The Assistant District Attorney advised defendant and counsel that unless defendant signed an unaltered waiver of immunity, defendant would not be permitted to testify. Defendant did not sign the unaltered form, and he was not permitted to testify.

Defendant's statutory right to testify before the grand jury was violated.  This right "'must be scrupulously protected'"(People v Smith, 87 NY2d 715, 721 [1996], quoting People v Corrigan, 80 NY2d 326, 332 [1992]).  Even with the deletions made by defendant, he complied with the waiver of immunity as required under CPL 190.45; that is, he left intact the provisions that stated he waived his privilege against self-incrimination and any immunity to which he would be entitled. Defendant was only required to meet the requirements of the statute, and nothing more to make a valid written waiver of immunity.  The statute is clear, straightforward and concise. When a defendant meets the waiver of immunity requirements of CPL

190.45, he or she must be permitted to testify.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge Lippman and Judges
Read, Pigott, Rivera and Abdus-Salaam concur.  Judges Stein and
Fahey took no part.


Decided February 17, 2015