■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONZO FAULK, Appellant. [3 NYS3d 576]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered October 15, 2007, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree and three counts of criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 2½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. Defendant's proximity to cocaine, crack pipes and a scale with cocaine residue, all in open view, in the back bedroom of an apartment in which 1000 glassine envelopes were found in a storage area, permitted the jury to reasonably infer that defendant exercised dominion and control over the cocaine in that bedroom (see e.g. People v Perez, 259 AD2d 274 [1st Dept 1999], lv denied 93 NY2d 976 [1999]). Moreover, the inference that defendant was the person in charge of the drug activity in that apartment was corroborated by evidence subsequently recovered from defendant's own apartment in the same building.

Defendant was also properly convicted under the drug factory presumption (see Penal Law § 220.25 [2]), which the court correctly submitted to the jury. The evidence, and reasonable inferences to be drawn therefrom, established each of the elements of that presumption, and defendant's arguments to the contrary are without merit.

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kapnick, JJ.