■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE FRIERSON, Appellant. [29 NYS3d 248]—

Judgments, Supreme Court, New York County (Herbert J. Adlerberg, J.H.O., at suppression hearing; Charles H. Solomon, J., at dismissal motion and suppression ruling; Ruth Pickholz, J., at jury trial and sentencing), rendered March 7, 2013, as amended June 10, 2013, convicting defendant of criminal possession of a forged instrument in the first degree (four counts) and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of four to eight years, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment, made on the ground that he was deprived of his right to testify before the grand jury when, against defendant's wishes, his counsel withdrew defendant's notice of intent to testify. We decline to revisit our prior holdings (*see People v Brown*, 116 AD3d 568 [1st Dept 2014], *lv denied* 24 NY3d 1001 [2014]; *People v Santiago*, 72 AD3d 492 [1st Dept 2010], *lv denied* 15 NY3d 757 [2010]) that the right to testify before the grand jury is not among the rights reserved to a defendant personally, but is among the rights of a defendant whose exercise is a strategic decision requiring "the expert judgment of counsel" (*People v Colville*, 20 NY3d 20, 32 [2012]).

Defendant's argument that the warrantless searches of his backpack and wallet were not justified by exigent circumstances is unpreserved, and we decline to review it in the interest of justice. While defendant's cross-examination may have touched on this subject, he limited his suppression argument to the distinct issue of probable cause to arrest, and the court did not "expressly decide[ ]" the issue "in response to a protest by a party" (CPL 470.05 [2]; *see People v Jimenez*, 109 AD3d 764 [1st Dept 2013]). As an alternative holding, we find that although the hearing evidence did not demonstrate exigent circumstances (*see People v Jimenez*, 22 NY3d 717 [2014]), any error in receiving the evidence at issue was harmless because the remaining evidence of defendant's guilt was overwhelming (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Tom, J.P., Saxe, Richter and Kapnick, JJ.