This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 40
In the Matter of Kenneth S., &c.,
          Appellant.


                    Raymond E. Rogers, for appellant.
                    Ronald E. Sternberg, for respondent Presentment Agency.


MEMORANDUM:

          The order of the Appellate Division should be affirmed, without costs.

          The initial detention of appellant was lawful on the basis of the police officer's authority to detain a suspected truant (see Matter of Shannon B., 70 NY2d 458, 462 [1987]).

- 1 -

Appellant relies on People v Reid (24 NY3d 615 [2014]), but that decision, which analyzed a search incident to lawful arrest with reference to the timing of an officer's intent to arrest, does not apply to the legality of the detention here. Whether the officer who detained appellant intended to transport him to the precinct or to a Department of Education facility is not relevant to the lawfulness of the initial detention. Therefore, we need not decide whether it would have been lawful for the police officers to take appellant to the precinct as a truant.

After the initial detention, appellant's bag produced a distinctive noise when it came into contact with the police vehicle, which one of the officers recognized as the sound a gun makes when it strikes a motor vehicle (see generally Matter of Gregory M., 82 NY2d 588, 591 [1993]). Appellant gave evasive answers when asked what had caused the sound. The officers, who knew that appellant had previously been arrested for robbery, asked appellant to remove the backpack. Appellant complied, but he appeared nervous after he gave up his bag. Upon taking possession of the backpack, one of the officers felt what seemed to be a gun in an exterior pocket.

Under these circumstances, even assuming that this amounted to an investigative touching, there is a view of the evidence supporting the Appellate Division's determination that the officers had a reasonable suspicion that appellant was armed.

When the touching revealed the shape of a gun in the

bag, appellant was arrested.  Appellant became agitated and upset, and resisted being handcuffed, such that two officers were required to handcuff him.  Notably, the officers knew that on the occasion of appellant's prior arrest he had started to walk away while being handcuffed.  By this time, a crowd had gathered, yelling at the officers, who placed appellant in their police vehicle.  Once in the vehicle, one of the officers opened and searched the backpack.  He found what was later confirmed to be an air pistol.  Significantly, the unmarked police vehicle had no partition, and the officer who searched the bag was seated next to appellant on the back seat.

In these circumstances, there is record support for the conclusion that the officers reasonably believed that appellant might gain possession of a weapon, so that exigent circumstances -- a legitimate concern about the safety of the arresting officers -- justified the warrantless search of appellant's backpack.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed, without costs, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided March 24, 2016