THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SHEARD, Appellant. [42 NYS3d 156]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered April 3, 2013, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of seven years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). We find no basis for disturbing the jury's credibility findings.

There is no merit to defendant's claim that he was deprived of his right to call his codefendant as a witness. The court made it clear that it would permit the codefendant to testify if the defense wished to call him. Although defendant "vehemently" wanted his codefendant to testify on his behalf, defendant's trial counsel made a decision, in the exercise of professional judgment, not to call this witness. "If defense counsel solely defers to a defendant, without exercising his or her professional judgment, on a decision that is for the attorney, not the accused, to make because it is not fundamental, the defendant is deprived of the expert judgment of counsel to which the Sixth Amendment entitles him or her" (*People v Hogan*, 26 NY3d 779, 786 [2016] [internal quotation marks omitted]). Whether to call a witness is a strategic decision to be made by defense counsel (*see People v Smith*, 82 NY2d 731, 733 [1993]; *People v Llanos*, 13 AD3d 76 [1st Dept 2004], *lv denied* 4 NY3d 833 [2005]). Moreover, counsel had a sound

reason for not calling the codefendant, who, in his plea allocution, had implicated defendant in the drug sale. To the extent defendant is claiming ineffective assistance of counsel, that claim is likewise without merit (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's pro se claims. Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.