THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELEZ, Appellant. [63 NYS3d 36]—

Judgment, Supreme Court, New York County (Patricia M. Nuñez, J. at hearing; Richard Carruthers, J. at plea and sentencing), rendered January 8, 2014, convicting defendant of robbery in the third degree, and sentencing him, as a second

felony offender, to a term of three to six years, unanimously affirmed.

The court properly denied defendant's suppression motion. We conclude that the police had probable cause to arrest defendant for robbery. After seeing a man argue with, chase, and attempt to hit defendant, the police learned that each man was claiming to have just been robbed by the other. The police reasonably credited the complainant's account, given its level of detail and its consistency with the circumstances that the officers observed (*see People v Lopez*, 258 AD2d 388 [1st Dept 1999], *lv denied* 93 NY2d 1022 [1999]). Accordingly, the police lawfully arrested defendant and recovered a razor blade, money, and a wallet.

Defendant did not preserve his claim that the closed container search of his wallet, in which a second razor blade was found, was unlawful because it was not supported by exigent circumstances (*see People v Miranda*, 27 NY3d 931, 932-933 [2016]; *People v Frierson*, 137 AD3d 444, 445 [1st Dept 2016], *lv denied* 27 NY3d 1069 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find that to the extent the limited record permits review (*see People v Martin*, 50 NY2d 1029, 1031 [1980]), it establishes the requisite exigency (*see People v Jimenez*, 22 NY3d 717 [2014]). Notwithstanding that defendant had been handcuffed by the time the wallet was searched, the wallet was within his grabbable area and had not been reduced to the exclusive control of the police. Furthermore, the officers had reason to suspect that it might contain a weapon, because defendant had been arrested for robbery, a violent crime, and the officers had already recovered one razor blade from defendant. Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.