The People of the State of New York, Respondent,
against
Justin Samuda-Riley, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Felicia A. Mennin, J.), rendered April 14, 2016, after a jury trial, convicting him of driving while impaired and unlawful possession of marijuana, and imposing sentence.




Per Curiam.
Judgment of conviction (Felicia A. Mennin, J.), rendered April 14, 2016, affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations and its assessment of police testimony. After lawfully stopping defendant's vehicle for a traffic infraction, the police had probable cause to arrest defendant at least for driving while impaired (see Vehicle and Traffic Law § 1192[1]), based on defendant's bloodshot, watery eyes, slow speech, the smell of alcohol on his breath, and the smell of "marijuana all over" (see People v Reyes, 136 AD3d 443 [2016]; People v McCarthy, 135 AD2d 1113 [1987]; People v Blajeski, 125 AD2d 582 [1986], lv denied 69 NY2d 877 [1987]). The search of the paper bag recovered from defendant's pocket was proper as a search incident to a lawful arrest, and justified by close spatial and temporal proximity, as well as by exigent circumstances (see People v Smith, 59 NY2d 454, 458 [1983]; People v Wylie, 244 AD2d 247, 251 [1997], lv denied 91 NY2d 946 [1998]; see also People Chatelain, 65 AD3d 930, 931 [2009], lv denied 14 NY3d 886 [2010]), including the officers' high level of certainty that the bag in defendant's pocket contained marijuana and the danger of defendant reaching the bag (see People v Jimenez, 22 NY3d 717, 722 [2014]; Matter of Kenneth S., 121 AD3d 593, 594 [2014], affd 27 NY3d 926 [2016]). 
The flask that contained alcohol in the front seat of defendant's car was in plain view and was properly recovered because the officers had "probable cause to believe that evidence or contraband" was present, having observed defendant driving erratically and smelling alcohol and marijuana on his person (People v Galak, 81 NY2d 463, 467 [1993]; People v Hurtado, 113 AD3d 411 [2014], lv denied 22 NY3d 1199 [2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 14, 2017