Matter of Michael H. (2018 NY Slip Op 03312)





Matter of Michael H.


2018 NY Slip Op 03312


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Richter, J.P., Gesmer, Oing, Singh, Moulton, JJ.


6430 6429

[*1]In re Michael H., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Carolyn Walther of counsel), for presentment agency.



Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about March 15, 2017, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act that, if committed by an adult, would constitute the crime of possession or sale of a toy or imitation firearm, and placed him on probation for 12 months, unanimously affirmed, without costs.
The court properly denied defendant's suppression motion. Initially, we find that the police had a founded suspicion of criminality warranting a common-law inquiry, based on an anonymous report describing an armed suspect. The minor discrepancies between the radioed description and appellant's appearance were satisfactorily explained (see Matter of Dominique W., 84 AD3d 657 [1st Dept 2011]).
The initial encounter was not a seizure requiring reasonable suspicion, notwithstanding that it involved a direction to stop, where the police did not display weapons, physically restrain appellant or do anything else to convey a seizure (see People v Reyes, 83 NY2d 945 [1994], cert denied 513 US 991 [1994]; People v Bora, 83 NY2d 531, 535-536 [1994]; Matter of Jamaal C., 19 AD3d 144 [2005]). Within the scope of their common-law inquiry, the police were entitled to ask appellant if he had a weapon (see People v Ward, 22 AD3d 368 [1st Dept 2005], lv denied 6 NY3d 782 [2006]), and his affirmative response provided probable cause for his arrest.
The totality of the hearing evidence supports a finding that exigent circumstances justified the warrantless search of appellant's backpack (see generally People v Jimenez, 22 NY3d 717 [2014]). Appellant's admission that he had an unspecified "gun" (only later determined to be an air pistol) gave the police a high level of certainty that the backpack contained a firearm (see Matter of Kenneth S., 121 AD3d 593, 594 [2014], affd 27 NY3d 926 [2016]). Furthermore, the bag was in appellant's grabbable area, and the police opened the bag [*2]almost simultaneously with handcuffing appellant (see People v Smith 59 NY2d 454, 458-459 [1983]; People v Velez, 154 AD3d 527 [1st Dept 2017], lv denied 30 NY3d 1109 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK