People v Rubert (2022 NY Slip Op 04057)

People v Rubert

2022 NY Slip Op 04057

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

112153 113002
[*1]The People of the State of New York, Respondent,
v
Jose Rubert, Appellant.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Mark Diamond, Albany, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Lisa M. Bondarenka of counsel), for respondent.

Aarons, J.
Appeals (1) from a judgment of the County Court of Sullivan County (McGuire, J.), rendered August 2, 2019, convicting defendant upon his plea of guilty of the crimes of reckless endangerment in the first degree, attempted assault in the third degree and driving while ability impaired by drugs, and (2) by permission, from an order of said court (Rounds, J.), entered July 2, 2020, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and to set aside the sentence, without a hearing.
In October 2018, defendant [FN1] was indicted and charged with attempted assault in the second degree, criminal possession of a weapon in the fourth degree, reckless endangerment in the first degree, criminal mischief in the second degree (two counts), criminal mischief in the third degree, driving while ability impaired by drugs, unlawfully fleeing a police officer in a motor vehicle in the third degree and resisting arrest. The charges stemmed from an incident that occurred more than a year earlier, wherein defendant, after assaulting the victim, led law enforcement on a vehicular pursuit through Sullivan County. Following his arraignment, at which time it was revealed that defendant was being held in federal custody, defendant expressed a desire to proceed pro se with standby counsel. Defendant's subsequent motion to, among other things, dismiss the indictment — premised upon counsel's alleged failure to secure defendant's testimony before the grand jury — was denied as untimely, and the matter proceeded to a Huntley hearing.
At the conclusion thereof, defendant requested that he again be assigned counsel, and discussions ensued regarding the possibility of a plea agreement. Ultimately, defendant was afforded an opportunity to plead guilty to reckless endangerment in the first degree, attempted assault in the third degree and driving while ability impaired by drugs. The sentence to be imposed upon the reckless engagement conviction would be capped at a prison term of 2 to 6 years, and the sentences imposed upon the remaining convictions would merge therein. Although defendant could argue for leniency at sentencing, in no case would the sentence imposed be less than 1&frac13; to 4 years. The plea agreement also required defendant to waive his right to appeal.
Against that backdrop, and following a lengthy plea colloquy, defendant pleaded guilty in conformity with the agreement. County Court (McGuire, J.) thereafter sentenced defendant to a prison term of 2 to 6 years upon his conviction of reckless endangerment in the first degree, to time served upon his conviction of attempted assault in the third degree and to one year in the local jail upon his conviction of driving while ability impaired by drugs — all sentences to run concurrently. Defendant's subsequent motion to vacate the judgment of conviction and to set aside the sentence was unsuccessful. Defendant appeals from the judgment of conviction and, by permission[*2], from the order denying his CPL article 440 motion.
As to the issues raised upon defendant's direct appeal, by pleading guilty, defendant — who then was represented by counsel (compare People v Trapani, 162 AD3d 1121, 1122-1123 [2018]) — "forfeited any claim that he was denied his right to appear before the grand jury" (People v Williams, 171 AD3d 1354, 1355 [2019]; see People v Nieves, 166 AD3d 1380, 1381 n [2018], lvs denied 33 NY3d 975, 979 [2019]). Contrary to defendant's assertion, he had no constitutional right to testify before the grand jury, and "[t]he various risks and benefits that must be considered render the decision of whether to exercise this statutory right an appropriate one for the lawyer, not the client" (People v Hogan, 26 NY3d 779, 786 [2016] [internal quotation marks and citation omitted]). Defendant's related pro se motion to dismiss the indictment — made more than three months after defendant's arraignment thereon — was properly denied as untimely (see CPL 190.50 [5] [c]).
With respect to the plea itself, any challenge to the voluntariness and/or factual sufficiency thereof is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion — despite having ample opportunity to do so prior to sentencing (see People v Davis, 204 AD3d 1072, 1074 [2022], lv denied ___ NY3d ___ [May 31, 2022]; People v Jackson, 203 AD3d 1388, 1389 [2022]). The narrow exception to the preservation requirement was not triggered, as defendant did not make any statements that were inconsistent with his guilt, negated an element of the charged crimes or otherwise called into question the voluntariness of his plea (see People v Wood, 203 AD3d 1406, 1406-1407 [2022]; People v Blankenbaker, 197 AD3d 1353, 1354 [2021]). "Contrary to defendant's assertion, he was not required to recite the elements of the crime[s] or engage in a factual exposition, as his affirmative responses to County Court's inquiries, coupled with his own statement[s], were sufficient to establish his guilt" (People v Shurock, 83 AD3d 1342, 1343 [2011] [internal quotation marks and citations omitted]). Finally, defendant's ineffective assistance of counsel claim — to the degree that it impacts upon the voluntariness of his plea — is similarly unpreserved for our review (see People v Harris, 201 AD3d 1030, 1031 [2022], lvs denied 38 NY3d 950, 952, 954 [2022]). In any event, "the failure to timely file a motion to dismiss the indictment on CPL 190.50 (5) grounds, without more, does not constitute ineffective assistance of counsel" (People v Nieves, 166 AD3d at 1381 n [internal quotation marks and citations omitted]; see People v Hogan, 26 NY3d at 787).
Turning to defendant's postconviction motion, defendant did not allege that the sentences imposed were unauthorized, illegal or otherwise invalid as a matter of law (see CPL 440.20 [1]) and, therefore, County Court (Rounds, J.) properly denied that branch of defendant's motion [*3]without a hearing. As to that branch of defendant's motion seeking to vacate the judgment of conviction pursuant to CPL 440.10, defendant failed to submit sworn allegations in support thereof (see CPL 440.30 [1] [a]; [4] [b]). Additionally, defendant's claims of coercion are belied by his sworn statements during the plea colloquy, and his assertions regarding prosecutorial misconduct and/or judicial disqualification "are supported only by [his] self-serving [and unsworn] affidavit and, upon reviewing the record as a whole, we are satisfied that there is no reasonable possibility that such allegations are true" (People v Crampton, 201 AD3d 1020, 1024 [2022], lv denied 37 NY3d 1160 [2022]; see CPL 440.30 [4] [d]). Accordingly, County Court properly denied defendant's motion in its entirety. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Fisher and McShan, JJ., concur.
ORDERED that the judgment and order are affirmed.

Footnotes

Footnote 1: The indictment contains a typographical error indicating that defendant's last name is Rupert.