People v De Los Santos (2024 NY Slip Op 06664)

People v De Los Santos

2024 NY Slip Op 06664

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Ind. No. 3302/18 Appeal No. 3348 Case No. 2019-05374 

[*1]The People of the State of New York, Respondent,
v
Jose De Los Santos, Appellant.

O'Connor & Petromelis, LLP, New York (Simone Petromelis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J. at motion to dismiss; Ruth Pickholz, J. at trial and sentencing), rendered July 10, 2019, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.
The court properly denied defendant's motion to dismiss the indictment. It is undisputed that the People afforded him notice and a reasonable opportunity to testify before the grand jury (see People v Sharma, 213 AD3d 470 [2023], lv denied 39 NY3d 1157 [2023]).
Defendant's claim that his initial attorney rendered ineffective assistance by waiving defendant's right to testify before the grand jury against his wishes, without consulting him, at a time when a breakdown in the attorney-client relationship had arisen, is unreviewable in the absence of a CPL 440.10 motion, and because it involves matters not reflected in, or fully explained by the record on direct appeal (see People v McLean, 15 NY3d 117, 121 [2010]; People v Gomez, 186 AD3d 422, 423 [1st Dept 2020]; People v Maffei, 35 NY3d 264, 269 [2020]); People v Irick, 203 AD3d 517, 518-519 [1st Dept 2022], lv denied 38 NY3d 1033 [2022], cert denied sub nom Irick v New York, — US &mdash, 143 S Ct 357 [2022]).
In the alternative, to the extent the record permits review, we find that defendant received effective assistance of counsel under both the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Here, defendant has not shown the absence of a reasonable strategic basis for counsel's decision (see People v Hogan, 26 NY3d 779, 787 [2016]; People v Frierson, 137 AD3d 444, 444 [1st Dept 2016], lv denied 27 NY3d 1069 [2016]) nor demonstrated a resultant prejudice as a result of not testifying (see People v Santiago, 216 AD2d 175, 175 [1st Dept 1995], lv denied 86 NY2d 846 [1995]; People v Townsend, 202 AD3d 447, 449 [1st Dept 2022], lv denied 38 NY3d 954 [2022]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024