People v Drennen (2025 NY Slip Op 01840)

People v Drennen

2025 NY Slip Op 01840

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

113053 113380
[*1]The People of the State of New York, Respondent,
v
Adam W. Drennen, Appellant.

Calendar Date:February 13, 2025

Before:Egan Jr., J.P., Clark, Lynch, Powers and Mackey, JJ.

Barrett D. Mack, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Clark, J.
Appeals (1) from a judgment of the County Court of Washington County (Kelly McKeighan, J.), rendered January 8, 2021, convicting defendant upon his plea of guilty of the crime of driving while intoxicated, and (2) from a judgment of said court, rendered October 22, 2021, convicting defendant upon his plea of guilty of the crime of bail jumping in the second degree.
In August 2020, defendant was charged in a four-count indictment with two counts of driving while intoxicated, one count of aggravated unlicensed operation of a motor vehicle and one count of circumvention of an interlock device. When the parties convened for the requested Mapp/Dunaway hearing in November 2020, defendant rejected an offer by the People that would have allowed him to plead guilty to one count of driving while intoxicated in exchange for a prison term of 1&frac13; to 4 years, and the first day of the hearing proceeded as scheduled. At the start of the second day of the hearing, defendant accepted the People's offer, which required him to waive his right to appeal. A Parker warning was issued, and the matter was adjourned for sentencing. When defendant failed to appear for sentencing in December 2020, County Court issued a bench warrant and adjourned sentencing to January 2021. After defendant failed to appear again, County Court sentenced defendant in absentia to a prison term of 2 to 6 years.
In June 2021, defendant was indicted and charged with bail jumping in the second degree, which stemmed from his failure to appear on the December 2020 sentencing date. Defendant was afforded the opportunity to enter an Alford plea to the charged crime with the understanding that he would be sentenced, as a second felony offender, to a prison term of 1½ to 3 years — said term to be served consecutively to the prison term imposed upon his conviction of driving while intoxicated. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon term of imprisonment. These appeals ensued.
We affirm. Defendant's sole argument advanced in support of his ineffective assistance claim is that defense counsel allegedly failed to "pursue[ ]" a Mapp hearing in the context of defendant's conviction for driving while intoxicated — with defendant contending that "the lack" of such hearing prejudiced him. However, the record reflects that defense counsel requested a Mapp hearing, that the hearing thereafter commenced, and that counsel cross-examined the People's witness. When the parties reconvened to resume the hearing, defendant elected to plead guilty. Hence, there is no question that a Mapp hearing was in fact pursued. To the extent that defendant's brief may be read as further asserting that counsel was ineffective for permitting him to plead guilty before the conclusion of such hearing, we need only note that the decision whether to accept the People's offer or proceed to trial ultimately [*2]fell to defendant (see People v Hogan, 26 NY3d 779, 786 [2016]; People v Hatcher, 211 AD3d 1236, 1238 [3d Dept 2022], lv denied 39 NY3d 1078 [2023]), and that counsel was duty-bound to abide by defendant's wishes (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.2 [a]). Against that backdrop, and inasmuch as defendant raised no other challenge to counsel's effectiveness, defendant's assertion that he was denied meaningful representation is both belied by the record and meritless (see generally People v Blanford, 179 AD3d 1388, 1394-1395 [3d Dept 2020], lv denied 35 NY3d 968 [2020]; People v Bostic, 174 AD3d 1135, 1137 [3d Dept 2019], lv denied 34 NY3d 1015 [2019]).
Regarding defendant's challenge to the sentence imposed upon his driving while intoxicated conviction, "inasmuch as defendant was advised of the consequences of failing to appear for sentencing, his claim that the enhanced sentence imposed is unduly harsh or severe is precluded by his unchallenged waiver of the right to appeal" (People v Mehalick, 226 AD3d 1263, 1265 [3d Dept 2024], lv denied 42 NY3d 928 [2024], citing People v Copp, 194 AD3d 1194, 1195 [3d Dept 2021]; People v Gentry, 172 AD3d 1526, 1528 [3d Dept 2019]). Defendant's argument as to the severity of the consecutive sentence imposed upon his bail jumping conviction (see Penal Law § 70.25 [2-c]) is similarly precluded (see People v Butler, 232 AD3d 935, 936 [3d Dept 2024], lv denied ___ NY3d ___ [Feb. 18, 2025]).
Egan Jr., J.P., Lynch, Powers and Mackey, JJ., concur.
ORDERED that the judgments are affirmed.